---
UNITED STATES COURTS OF APPEALS
FOR THE SECOND CIRCUIT
---

JOHNATHAN J. BILLEWICZ
LILLIAN E. BILLEWICZ
Plaintiffs - Appellants

v.

Town of Fair Haven, Vermont, et al

Defendants - Appellees

---
On Appeal from the United States District Court
For the District of Vermont
---

Brief of Appellants: Johnathan J. Billewicz, Lillian E. Billewicz

Johnathan J. Billewicz. Pro -se and Lillian E. Billewicz, Pro- se
6 Washington Street, Apt. 4, Fair Haven, Vermont 05743
1 - 802 -683 - 1709

## TABLE OF CONTENTS

| | |
|---|---|
| Table of Contents | 2 |
| Table of Authorities | 3 |
| Statutes and Rules | 3 |
| Statement of Subject Matter and Appellate Jurisdiction | 4 |
| Statement of Issues Presented for Review | 5 |
| Statement of the Case | 5 |
| Statement of the Facts | 6 |
| Summary of the Argument | 7 |
| Argument | 7 |
| Conclusion | 10 |
| Certificate of Compliance | 10 |
| Certificate of Service | 11 |

## TABLE OF AUTHORITIES

Andrade v. City of Hammond, 9 4th 947 (7th Cir. 2021) ............................... 9, 10
Billewicz v. Town of Fair Haven, 214 VT 511, 254 A.3d 194 .............................. 9
Billewicz v. Town of Fair Haven, 2022 VT Unpublished LEXIS 15, 2022 WL 424881 ... 9
Soldal v. Cook County, 506 U.S. 56 (1992) ....................... 5, 6,7,8,9, 10

## STATUTES

U.S. Constitution Amendment IV ............................................................. 4
U.S. Constitution Amendment V ............................................................. 4
U.S. Constitution Amendment XIV ........................................................... 4
28 U.S.C. 1291 ............................................................................... 4
28 U.S.C. 1331 ............................................................................... 6
28 U.S.C. 1334 ............................................................................... 6
42 U.S.C. 1983 ............................................................................... 6
32 V.S.A. 5255 ............................................................................... 6

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is an Appeal from a Decision of the United States District Court of Vermont entered on August 11, 2022. The Plaintiffs have timely appealed the Decision of the District Court within 30 days of the Decision. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. 1291.

## CONSTITUTIONAL PROVISIONS

U.S. Constitutional Amendment IV provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, an no Warrants shall issue, but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Constitutional Amendment V provides:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of war or public danger; nor shall any person be subject to the same offense twice be put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself; nor be deprived of life liberty or property without due process of law; nor shall private property be taken for public use without just compensation.

U.S. Constitutional Amendment XIV provides:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without Due Process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether the District Court erred in granting Defendant's Motion to Dismiss when government officials violated Plaintiffs' Fourth, Fifth and Fourteenth Amendment seizing property without a warrant especially considering the case law of the United States Supreme Court, on point, Soldal v. Cook County, 506 U.S. 56 (1992) was submitted to the District Court.

Whether the District Court erred in granting Defendant's Motion to Dismiss on the grounds of Statute of Limitations and Claim Preclusion when the Plaintiffs' filing of this Complaint occurred within three years of the acts of the governmental officials boarding the property and threatening arrest of the Plaintiffs.

## STATEMENT OF THE CASE

This case involves the actions of governmental officials and workers in the Town of Fair Haven, Vermont and the unlawful seizure of Plaintiffs' property. Plaintiffs assert the actions of the Police Chief, employees of the Department of Public Works and Town Administrative personnel violated Plaintiffs' Constitutional Fourth Amendment rights by placing sheets of plywood covering the entrances to Plaintiffs' property without a warrant, without Due Process or any contact or authority from any Court. The threat of felony arrest of Plaintiffs' "were you to be caught there", was also made by the Police Chief without warrant, without Due Process or any contact or authority from any Court.

## STATEMENT OF THE FACTS

Johnathan J. Billewicz is co - owner of property located at 16 - 18 River Street, Fair Haven, Vermont and he is a beneficiary of the J and M Investment Trust which owns 5 Union Street and 7 Union Street, Fair Haven, Vermont. Lillian E. Billewicz is the sole trustee of the J and M Investment Trust. The Plaintiffs fell behind on their property taxes and the Town purported to convey the properties to the Town via a Tax Collector's Deed. However, the Town never recorded, pursuant to Vermont Statute 32 V.S.A. 5255, the Reports of Sale. Plaintiffs filed suit in March, 2018 challenging the validity of the deeds as void ab initio because strict compliance with Statute is required in tax matters.

The Town of Fair Haven wrongfully ejected Plaintiffs from their properties and during the pendency of the 2018 action, in September, 2019, the Town attached plywood across the entrances to 16 - 18 River Street and the Police Chief threatened both Johnathan and Lillian with felony arrest if we were "to be caught there."

The Plaintiffs have filed a Civil Rights claim pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1334 based on 28 U.S.C. 1983. This claim is based on the actions of the Town of Fair Haven which violate their Constitutional rights. This action was dismissed by the District Court by granting the Motion to Dismiss of the Town. The Plaintiffs believe, as in the Soldal case, (supra) their case is viable as the acts of the Town were during the pendency of an action and were without a warrant or Court Order.

## SUMMARY OF THE ARGUMENT

This Court should reverse the Decision of the Second Circuit because that Court abused its discretion, overlooked, misapplied or ignored the decision of the United States Supreme Court in Soldal v. Cook County, (supra) which addresses a Plaintiff's situation concerning the same Constitutional issue of seizure of property by government officials as Plaintiffs are alleging herein. The warrantless seizure of Plaintiffs' property is illegal in both Soldal and the instant case without a warrant or Due Process and is in violation of the Fourth, Fifth and Fourteenth Amendment rights of the Plaintiffs. The Soldal justices recognized the violations in that case and expounded on the wrongs of governmental officials in the Decision.

The Fourth, Fifth and Fourteenth Amendments safeguard individuals against the unreasonable seizures by the Government and in the instant case, Plaintiffs' property was seized by the Government without a warrant, Due Process or ANY court intervention. The seizure was an illegal act of the Defendants.

## ARGUMENT

While eviction proceeding were pending against the Soldal family, the Cook County Sheriff's Department (Illinois) aided a property management company and property manager to forcibly evict the Soldal family and their mobile home from a trailer park. There was no Court eviction order, no Due Process, yet there was an illegal seizure in violation of the Soldal's Fourth Amendment rights. The Soldal's brought a 1983 action in the Federal District Court and the Court granted the Defendant's Motion for Summary Judgment. Unwavering and believing in their Constitutional rights, Plaintiffs appealed, yet the Court of Appeals affirmed.

The Soldals held to their belief our Constitutional rights are there to protect us and they took their case to the United States Supreme Court. It was there, finally, the justices upheld our unalienable rights and declared the governmental action was an unlawful seizure and reversed and remanded the case.

Likewise, in the instant case, while a quiet title action initiated by Plaintiffs' was pending, the Fair Haven Department of Public Works employees placed sheets of plywood over the entrances to Plaintiff's property without an eviction order and without Due Process. This was an illegal seizure in violation of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights. The Police Chief threatened Plaintiffs' with felony arrest if they "were caught on the properties."

In both of these cases, it is clear the government officials showed complete and total disregard for the law, the Court process, Constitutional rights and acted only as they saw fit. The United States Supreme Court in Soldal, (supra) stated, "More significantly, "reasonableness is the ultimate standard" under the Fourth Amendment and the reasonableness determination will reflect a "careful balancing of governmental and private interests." The Court went on to say, "Assuming for example, that the officers were acting pursuant to a Court order......, and as often would be the case, a showing of unreasonableness on these facts would be a laborious task." The Fair Haven Police Chief, DPW employees and administrative personnel acted without a warrant or Court order and therefore, the unreasonableness of their acts is clear and it is clear they violated the Constitutional rights of the Plaintiffs.

Respectfully, a reading by the justices of this Court of the Soldal case will hit home with the import and sanctity of the Constitutional rights of individuals. Citizens come to the Courts to protect our rights and as such, the Plaintiffs herein appeal to this Court to protect our rights and remand.

The actions in the present case, as in Soldal, (supra) were PRE any Court decision and were done during the pendency of an action filed by Plaintiffs in March, 2018. The Town of Fair Haven committed these violations of Plaintiffs' Constitutional rights in September, 2019 and this Federal 1983 action was filed March, 2022, well within the three year Statute of Limitations for 1983 claims.

Further, in Andrade v. City of Hammond, 9 F. 4th 947 (7th Cir. 2019) the Appeals Court explains that the civil rights violations occurred BEFORE any State Court judgment and was a separate and independent claim. The Appeals Court ruled the Federal Plaintiffs' claim was NOT inextricably intertwined with the State Court and the claim was so separate it was an independent claim and could exist without any Court judgment. The Court reversed and remanded for further proceedings.

The Vermont Supreme Court issued a Decision in 2021 reaffirming the Trial Court's decision that Plaintiffs were barred by the Statute of Limitations from challenging the acts of the Tax Collector. Billewicz I. The Vermont Supreme Court issued a Decision in 2022 reaffirming the Trial Court that Plaintiffs were claim precluded from bringing an action against the Town Clerk instead of the Tax Collector. Billewicz II. In the instant case, the Plaintiffs are bringing a case that is not challenging the acts of the Tax Collector nor Town Clerk, rather

asserting a civil rights violation and an unlawful seizure without a warrant. As in <u>Andrade</u>, (supra), these acts stand alone and is a separate and independent claim which could stand without a Court judgment.

## CONCLUSION

In consideration of the above, Plaintiffs respectfully request this Honorable Court adhere to the United States Constitution, adhere to and respect the decision of the United States Supreme Court in <u>Soldal v. Cook County</u> and reverse and remand this case for further proceedings.

Respectfully submitted,

Dated: 12/27/2022

Johnathan J. Billewicz
6 Washington Street, Apt. 4
Fair Haven, Vermont 05743

Lillian E. Billewicz
6 Washington Street, Apt. 4
Fair Haven, Vermont 05743

## CERTIFICATE OF COMPLIANCE

I, Lillian E. Billewicz, hereby certify this brief contains 14,000 words or less.

Dated: 12/27/2022

Lillian E. Billewicz

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Johnathan J. Billewicz,
Lillian E. Billewicz

v.

Town of Fair Haven, Vermont, et al

**CERTIFICATE OF SERVICE***

Docket Number: 22-1929

I, _Lillian E. Billewicz_, hereby certify under penalty of perjury that
(print name)
on _12/27/2022_, I served a copy of _Appellants' Brief_
(date)
_and Appendix_
(list all documents)

by (select all applicable)**

___ Personal Delivery      _X_ United States Mail      ___ Federal Express or other Overnight Courier

___ Commercial Carrier      ___ E-Mail (on consent)

on the following parties:

| Atty. Kevin L. Kite | 64 Court Street, | Middlebury | Vermont | 05753 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Atty. James F. Carroll | 64 Court Street, | Middlebury | Vermont | 05753 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

_12/27/2022_
Today's Date

_Lillian E. Billewicz_
Signature

Certificate of Service Form (Last Revised 12/2015)

L. E. B.
6 Washington Street, Apt. 4
Fair Haven, Vermont 05743

United States Court of Appeals
for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York
10007

USM 4LD SDNY

UNITED STATES POSTAL SERVICE. Retail

P  US POSTAGE PAID
$10.95
Origin: 05743
12/27/22
5028560588-10

PRIORITY MAIL®

2 Lb 5.30 Oz
RDC 04

EXPECTED DELIVERY DAY: 12/29/22

C099

SHIP TO:
40 FOLEY SQ
NEW YORK NY 10007-1502