# 22-1929

## UNITED STATES COURT OF APPEALS

## FOR THE

## SECOND CIRCUIT

Johnathan J. Billewicz, J and M Investment Trust, Lillian E. Billewicz,

Plaintiffs-Appellants,

Michael W. Billewicz,

Plaintiff,

v.

Town of Fair Haven, Vermont, William T. Humphries,
Town of Fair Haven, Vermont Police Chief, individual and
official capacity, John Does, Town of Fair Haven, Department of
Public Works Employees, official capacity, John and Jane Does,
Town of Fair Haven, Vermont Administrative Personnel, official capacity,

Defendants-Appellees.

On Appeal from the United States District Court,
District of Vermont, Case No. 22-cv-73

# BRIEF OF APPELLEES

Kevin L. Kite, Esquire
Carroll, Boe, Pell & Kite, P.C.
64 Court Street, Middlebury,
VT 05753; (802) 388-6711;
kkite@64court.com

## TABLE OF CONTENTS <span style="float:right">Page</span>

TABLE OF CONTENTS.......................................................... i

TABLE OF AUTHORITIES ................................................... ii

STATEMENT OF THE ISSUES....................................... 1

STATEMENT OF THE CASE .............................................. 2

ARGUMENT ...................................................................... 8

I.     Summary of the Argument ...................................... 8

II.    Plaintiffs' claims are barred by the applicable statute of limitations because their claims accrued no later than May 18, 2017 when the Town took full possession of the Properties. ......................................................... 10

    A. *Plaintiffs' claims are barred by the statute of limitations.* ......................................................... 10

    B. *Soldal is inapposite and does not demonstrate that the district court erred in finding that Plaintiffs' § 1983 claims accrued no later than May 18, 2017.*....................... 13

III.   Plaintiffs' claims are barred by the doctrine of claim preclusion. ................................................................ 17

IV.   As a separate and independent ground for dismissal, Plaintiffs' claims must be dismissed because the Complaint fails to state a claim upon which relief may be granted. ........ 22

V.    Because J and M Investment Trust has been terminated from this appeal, the judgment of the district court with respect to 5 Union Street and 7 Union Street is final. ............ 26

VI.   Conclusion. ............................................................ 27

CERTIFICATE OF COMPLIANCE...................................... 28

i

# TABLE OF AUTHORITIES

**Page**

*Cases*

*Andrade v. City of Hammond*, 9 F. 4th 947 (7th Cir. 2021) ................... 16-17 21, 27

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) ...................... 25

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ....... 24, 25

*Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73 (2d Cir. 2019)....................................................................... 11

*Billewicz v. Town of Fair Haven*, 2021 VT 20, 214 Vt. 511, 254 A.3d 194 ................................................................... 3, 4

*Billewicz v. Town of Fair Haven*, 2022 Vt. Unpub. LEXIS 15, 2022 WL 424881 (Vt. Feb. 11, 2022) ......................................... 3, 5, 19, 20

*Billewicz v. Town of Fair Haven*, Vermont Superior Court, Case No. 22-CV-00677 ................................................. 3

*Brewer v. Hashim*, 2017 U.S. Dist. LEXIS 98884, 2017 WL 2787622 (D. Vt. 2017) .......................................... 11

*Demarest v. Town of Underhill*, 2021 VT 14, 214 Vt. 250, 256 A.3d 554 ................................................................... 18

*Demarest v. Town of Underhill*, 2022 U.S. Dist. LEXIS 56635, 2022 WL 911146 (D. Vt. 2022) ........................................... 10

*El-Nahal v. Yassky*, 835 F.3d 248 (2d Cir. 2016) ............................. 23

*Faulkner v. Caledonia County Fair Ass'n*, 2004 VT 123, 178 Vt. 51, 869 A.2d 103 ................................................ 18, 19

*Grundstein v. Vt. Bd. of Bar Examiners*, 748 Fed. Appx. 425 (2d Cir. 2019) ................................................... 22

*Hogan v. Fischer*, 738 F.3d 509 (2d Cir. 2013) ................................ 11

*In re CVPSC*, 172 Vt. 14, 769 A.2d 668 (2001) ................................ 18

*Johnson v. Cullen*, 925 F.Supp. 244 (D. Del. 1996) ........................... 12

*Jones v. Hart*, 2021 VT 61, 261 A.3d 1126 ..................................... 19

*Losacco v. City of Middletown*, 71 F.3d 88 (2d Cir. 1995) ................... 1, 26

*MacNamara v. Hess*, 67 Fed. Appx. 139 (3rd Cir. 2003) ..................... 12

*Mallard v. Potenza*, 736 Fed. Appx. 132 (2d Cir. 2010) ...................... 11, 23

*Miller v. Vt. Assocs.*, 2021 U.S. Dist. LEXIS 27307, 2021 WL 535816 (D. Vt. 2021) ...................................... 11

*Norton v. Sam's Club*, 145 F.3d 114 (2d Cir. 1998) ............................ 1, 26

ii

**Page**

*Cases*

*Pomfret Farms, Ltd. P'ship. V. Pomfret Assocs.,* 174 Vt. 280, 811
    A.2d 655 (2002) ................................................................ 18
*Putter v. Montpelier Pub. Sch. Sys.*, 166 Vt. 463, 697 A.2d 354
    (1997) ............................................................................. 11
*Raus v. Town of Southampton*, 661 Fed. Appx. 81 (2d Cir. 2016) ........ 22
*Roberson v. Earle*, 378 Fed. Appx. 396 (5th Cir. 2010) ........................ 12
*Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177
    (2d Cir. 2004) ................................................................ 23
*Shields v. Gerhart*, 155 Vt. 141, 582 A.2d 153 (1990) ........................ 11
*Soldal v. Cook County*, 506 U.S. 56, 113 S. Ct. 538 (1992) ................. 8, 12-
    17, 27
*United States v. Bennett*, 604 Fed. Appx. 11 (2d Cir. 2015) ................ 23
*United States v. Cowan*, 396 F.2d 83 (2d Cir. 1968) ........................... 23
*United States v. Jacobsen*, 466 U.S. 109, 104 S. Ct. 1652 (1984) ........ 23
*Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091 (2007) ....................... 10

*Statutes*

12 V.S.A. § 512(4) ............................................................. 10, 11
32 V.S.A. § 5251 *et seq.* ....................................................... 4, 15
32 V.S.A. § 5255 ................................................................ 4, 5
32 V.S.A. § 5261 ................................................................ 15
32 V.S.A. § 5294 ................................................................ 4
42 U.S.C. § 1983 ............................................................... 2, 6-
    11, 13
    15-17
    20, 22

*Rules*

F.R.C.P. Rule 11 ................................................................ 5, 7
F.RC.P. Rule 11(b)(1) .......................................................... 1
F.RC.P. Rule 11(b)(2) .......................................................... 1
F.R.C.P. Rule 12(b)(6) ......................................................... 7

## STATEMENT OF THE ISSUES[1]

1. Did the district court err in concluding that Plaintiffs' claims were barred by the applicable statute of limitations because Plaintiffs' causes of action accrued no later than May 18, 2017, which is the date the Town took full possession of the properties?

2. Did the district court err in concluding that Plaintiffs' claims were barred by Vermont's doctrine of claim preclusion?

3. Should Plaintiffs' claims be dismissed because they fail to state a claim upon which relief may be granted?

4. Has the J and M Investment Trust waived or abandoned all claims in this case by failing to participate in this appeal?

---

[1] In addition to the specific issues that are the focus of this appeal, the district court (1) denied Plaintiffs' motion to disqualify Town's counsel, Appendix at 10-17; (2) determined that Plaintiffs' Complaint violated F.R.C.P. 11(b)(1) and 11(b)(2) because the pleading was based on unwarranted legal conclusions and was filed for improper purposes, *id*. at 30-33; and (3), based on Ms. Billewicz's prior history of frivolous and vexatious litigation, imposed Rule 11 sanctions on Ms. Billewicz in the form of a warning, *id*. at 33-38. The Plaintiffs do not appeal any of these rulings in their principal brief and have therefore waived or abandoned any arguments they might have in relation to these rulings. *E.g., Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *Losacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("[Plaintiff] did not raise this issue in his appellate brief. Consequently, he has abandoned it.").

## STATEMENT OF THE CASE

The claims in this case are based on allegations of unlawful seizures concerning real properties and personal property located at 16-18 River Street, 5 Union Street, and 7 Union Street in Fair Haven, Vermont (collectively, the "Properties"). In their Complaint, Plaintiffs allege that the Town of Fair Haven ("Fair Haven" or "Town"), Fair Haven Police Chief William Humphries ("Chief Humphries") and other unnamed town officials unlawfully seized real and personal property located at the Properties in two ways. First, Plaintiffs allege that Chief Humphries threatened to arrest the individual Plaintiffs if they "entered into the residence of 5 Union Street, 7 Union Street or 16 - 18 River Street, Fair Haven, Vermont." Complaint at ¶ 15. Second, Plaintiffs allege that the Defendants "placed sheets of plywood covering the entrances to Plaintiffs' property located at 16 -18 River Street, Fair Haven, Vermont." Complaint at ¶ 24. Based on these factual allegations, Plaintiffs bring claims under 42 U.S.C. § 1983, alleging that this conduct constitutes unlawful seizure of Plaintiffs' real and personal property in violation of Plaintiffs' rights under the "Fourth, Fifth, and Fourteenth Amendments of the United States Constitution." Complaint at ¶ 1.

The district court dismissed Plaintiffs claims, concluding that the claims were (1) barred by Vermont's three-year statute of limitations applicable to § 1983 claims, Appendix at 19-21, and (2) barred by Vermont's doctrine of claim

preclusion, Appendix at 21-29. The district court did not grant leave to amend because the court determined that "better pleading will not cure the limitations or claim-preclusion bars." *Id.* at 29.

The factual contentions that follow are based either on the district court's express findings or on allegations made by Plaintiffs in prior litigation involving the same parties.[2]

In March 2014, Plaintiff Johnathan J. Billewicz was a co-owner[3] of property located at 16-18 River Street in Fair Haven, Vermont, and Plaintiff J and M Investment Trust (the "Trust") was the owner of property located at 5 Union Street and 7 Union Street in Fair Haven, Vermont. Appendix at 16-17; *also* Complaint at

---

[2] The district court determined that it could "consider documents and decisions from three matters in Vermont state court in which Plaintiffs sued the Town" because they were public documents of which the court could take public notice. Appendix at 16. The three prior matters and their related decisions are *Johnathan J. Billewicz, Michael E. Billewicz, and the J and M Investment Trust, and Lillian E. Billewicz v. Town of Fair Haven, Vermont*, Vermont Superior Court, Docket No. 184-3-18 Rdcv ("Billewicz I") and *Billewicz v. Town of Fair Haven*, 2021 VT 20, 214 Vt. 511, 254 A.3d 194 ("*Billewicz I*"); *Johnathan J. Billewicz, Michael W. Billewicz, J and M Investment Trust and Lillian E. Billewicz v. Town of Fair Haven, Vermont*, Vermont Superior Court, Docket No. 21-CV-01098 ("Billewicz II") and *Billewicz v. Town of Fair Haven*, 2022 Vt. Unpub. LEXIS 15, 2022 WL 424881 (Vt. February 11, 2022) ("Billewicz II"); and *Johnathan J. Billewicz, Michael E. Billewicz, J and M Investment Trust and Lillian E. Billewicz v. Town of Fair Haven, Vermont*, Vermont Superior Court, Case No. 22-CV-00677 ("Billewicz III").

[3] At the time, Plaintiff Michael W. Billewicz was also a co-owner of 16-18 River Street. Michael Billewicz has not entered an appearance in this appeal.

¶ 11, ¶ 12 and ¶ 13. Mr. Billewicz and the Trust fell behind on their property taxes and, on March 18, 2014, the Fair Haven Tax Collector sold the Properties at tax sale pursuant to 32 V.S.A. § 5251 *et seq*. Appendix at 16-17. The statutory tax sale procedure was followed, with one exception—the report of sale was not filed for record within 30 days of the tax sale as provided by 32 V.S.A. § 5255. Appendix at 17.

On May 18, 2017, the Town took full possession of the Properties to the physical exclusion of Plaintiffs. Appendix at 17 (citing Doc. 9-2 ¶ 48). From May 18, 2017 through to the present, the Town has exercised dominion over the Properties, excluding Plaintiffs from them. *Id.*

On March 22, 2018, Plaintiffs filed suit against the Town of Fair Haven[4] ("Billewicz I"), alleging the tax sale was *void ab initio* due to the failure to record the reports of sale. Appendix at 17. On March 26, 2021, the Vermont Supreme Court held that Plaintiffs' challenge to the March 14, 2018 tax sale was barred by the statute of limitations imposed by 32 V.S.A. § 5294. *Billewicz v. Town of Fair Haven*, 2021 VT 20, ¶30, 214 Vt. 511, 525, 254 A.3d 194, 204; *see also* Appendix at 17 (summarizing results of Billewicz I).

---

[4] *Johnathan J. Billewicz, Michael E. Billewicz, and the J and M Investment Trust, and Lillian E. Billewicz v. Town of Fair Haven, Vermont*, Vermont Superior Court, Docket No. 184-3-18 Rdcv ("Billewicz I").

On May 5, 2021, Plaintiffs filed a second action in Vermont Superior Court[5] ("Billewicz II"), "again alleging that the Town failed to record the report of sale as required by 32 V.S.A. § 5255, and asserting claims for negligence, trespass to real property and chattel, invasion of privacy, and conversion." *Billewicz v. Town of Fair Haven*, 2022 Vt. Unpub. LEXIS 15, *2, 2022 WL 424881 (Vt. Feb. 11, 2022); *see also* Appendix at 18 (summarizing Billewicz II). On February 11, 2022, the Vermont Supreme Court held that Plaintiffs' claims in *Billewicz II* were barred by claim preclusion. *Billewicz v. Town of Fair Haven*, 2022 Vt. Unpub. LEXIS 15, *5-6, 2022 WL 424881 (Vt. Feb. 11, 2022).

On February 28, 2022, Plaintiffs filed a third action against the Town ("Billewicz III"). In response to the Billewicz III Complaint, the Town filed a motion to dismiss and served Plaintiffs with a motion for Rule 11 sanctions. Appendix at 18-19. On March 28, 2022, just before the 21-day Rule 11 safe harbor expired, the Plaintiffs voluntarily withdrew their Billewicz III Complaint and, on the same day, filed the present action. *Id.* at 19.

The present Complaint alleges that, in September 2019, during the pendency of Billewicz I, town employees boarded up the entrances to 16-18 River Street and the Fair Haven Police Chief threatened to arrest the Plaintiffs if they trespassed on

---

[5] *Johnathan J. Billewicz, Michael W. Billewicz, J and M Investment Trust and Lillian E. Billewicz v. Town of Fair Haven, Vermont*, Vermont Superior Court, Docket No. 21-CV-01098 ("Billewicz II").

the Town Properties. *See* Complaint (Doc. 1) at ¶ 15, ¶ 16, and ¶ 24. The Town

moved to dismiss on the grounds that "the Plaintiffs' claims are barred by claim

preclusion, the statute of limitations, and the *Rooker-Feldman doctrine*, and that

there is no legal basis for the requested relief." Appendix at 14.

The district court granted the Town's motion to dismiss on two of the four

grounds. First, the district court concluded that the Plaintiffs' claims are barred by

the three-year statute of limitations applicable in Vermont to § 1983 claims:

> Defendants contend that Plaintiffs' § 1983 claims accrued on May 18,
> 2017—the date the Town allegedly took possession of the River Street
> and Union Street properties. (Doc. 9 at 17.) Plaintiffs maintain that
> their § 1983 claims did not accrue until September 2019—when Chief
> Humphries threatened to arrest Jonathan and Lillian Billewicz and
> when the Town boarded up the River Street property. (Doc. 12 at 11.)

> The court agrees with Defendants on the accrual date. Although the
> Complaint focuses on the September 2019 events, the court's review
> of *Billewicz I, II, and III* reveals that the injury that is the basis for
> Plaintiffs' action is the Town's action taking possession of the
> properties on May 18, 2017. Plaintiffs' Complaint in this case—filed
> March 28, 2022—is well outside the three-year window.

Appendix at 19-21.

Second, the district court concluded that Vermont's doctrine of claim

preclusion bars Plaintiffs' present § 1983 claims because they could and should

have been brought in the prior actions. Appendix at 21-28 (analyzing factors and

holding claims were precluded).

The district court clarified that these two grounds were independent and either ground would separately support dismissal. Appendix at 26 ("For the reasons stated above, the court concludes that Plaintiffs' § 1983 claims are untimely. But even if the claims were not time-barred, claim preclusion applies to bar them.").

Having decided that Plaintiffs' claims are barred by the applicable statute of limitations and the doctrine of claim preclusion, the district court did *not* reach the Town's arguments regarding the *Rooker-Feldman* doctrine or failure to state a claim. Appendix at 29 ("The court's conclusions above make it unnecessary to consider Defendants' remaining arguments for dismissal under Rule 12(b)(6).").

The district court also held that the Plaintiffs' Complaint violated F.R.C.P. 11. Appendix at 31-33. As sanction, the district court "warn[ed] Ms. Billewicz that future frivolous filings in this District may result in a filing injunction or other sanctions." Appendix at 38.

During the pendency of this appeal, this Court notified J and M Investment Trust that if it wished to participate in this appeal, it would need to be represented by counsel. Case 22-1929, Doc. 5. This Court warned the Trust, "If an attorney admitted to practice in this Court does not file a notice of appearance on behalf of the incorporated business by October 07, 2022, the corporate party will be deemed in default on the appeal." *Id.* An attorney did not enter an appearance on behalf of

7

the Trust, and, on November 18, 2022, this Court terminated the Trust's appeal.

Case 22-1929, Doc. 42. Michael Billewicz has not entered an appearance in this

appeal. As a result, only Plaintiffs Johnathan Billewicz and Lillian Billewicz

remain before this Court.

## ARGUMENT

### I.    Summary of the Argument

The following Argument will demonstrate four major points:

***First***, the district court correctly concluded that Plaintiffs' claims under 42

U.S.C. § 1983 accrued when the Town took possession of the Properties and began

to physically exclude Plaintiffs from them and, as a result, the three-year statute of

limitations applicable to § 1983 claims bars Plaintiffs' claims. Plaintiffs' reliance

on *Soldal v. Cook County*, 506 U.S. 56, 58, 113 S. Ct. 538, 541 (1992) is misplaced

because *Soldal* is inapposite to the present case and does not demonstrate any error

in the district court's decision.

***Second***, the district court correctly concluded that Plaintiffs' present § 1983

claims are barred by Vermont's doctrine of claim preclusion. Plaintiffs' present

claims will necessarily require the trial court to examine the validity of the March

18, 2014 tax sale of the Properties, the April 1, 2015 conveyance of the Properties

via tax collector's deeds to the Town of Fair Haven, and the Town's subsequent

possession of and exclusion of Plaintiffs from the Properties. Because all these

factual events form the bases of Billewicz I and Billewicz II, the present claims are the same or substantially the same as those brought in Billewicz I and Billewicz II. Accordingly, the doctrine of claim preclusion bars the present claims.

**Third**, assuming arguendo that this Court were to decide that the present § 1983 claims are not barred by a statute of limitations or the doctrine of claim preclusion, Plaintiffs' claims would nonetheless be barred because they fail to state a claim upon which relief may be granted, in that they fail to allege any possessory interest in the Properties as of September 2019, the date of the alleged conduct.

**Fourth**, regardless of what this appeal may bring on behalf of Johnathan Billewicz and Lillian Billewicz, the district court's opinion is final as to the J and M Investment Trust and 5 Union Street and 7 Union Street because the J and M Investment Trust has not appeared properly before this Court through counsel and this Court has dismissed the Trust's appeal.

Because Plaintiffs have failed to demonstrate any error in the district court's reasoning or conclusions, and because, even if such error did exist, alternate grounds for dismissal exist, the Defendants respectfully request this Court affirm the district court's dismissal of the Plaintiffs' Complaint.

**II.    Plaintiffs' claims are barred by the applicable statute of limitations because their claims accrued no later than May 18, 2017 when the Town took full possession of the Properties.**

### A.  Plaintiffs' claims are barred by the statute of limitations.

The district court found that the Plaintiffs' § 1983 claims accrued no later than May 18, 2017—the date on which the Town took possession of the Properties and began to physically exclude the Plaintiffs from them. Appendix at 19-20. In doing so, the district court expressly rejected the Plaintiffs' argument that the accrual date should run from the date of the allegations in the Complaint (September 2019), when Chief Humphries allegedly threatened to arrest Plaintiffs if they entered the Properties and when the Town allegedly boarded up entrances to the River Street property. Appendix at 20-21.

The district court correctly decided that Plaintiffs' claims are time-barred. Federal courts look to state law to determine the applicable limitations period for § 1983 claims. Plaintiffs allege that the actions of Chief Humphries and other Town employees constituted an unlawful seizure in violation of the Fourth Amendment. Such claims are subject to a three-year statute of limitations. *E.g.*, *Demarest v. Town of Underhill*, 2022 U.S. Dist. LEXIS 56635, *20, 2022 WL 911146 (D. Vt. 2022) ("Section 1983 actions that are filed in Vermont are subject to Vermont's three-year statute of limitations for personal injury actions.") (citing 12 V.S.A. § 512(4) and *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091

10

(2007)); *Miller v. Vt. Assocs.*, 2021 U.S. Dist. LEXIS 27307, *7, 2021 WL 535816 (D. Vt. 2021) (same); *Brewer v. Hashim*, 2017 U.S. Dist. LEXIS 98884, *24, 2017 WL 2787622 (D. Vt. 2017) (claim alleging unlawful seizure of firearm "subject to Vermont's three-year statute of limitations for personal injury actions") (citing 12 V.S.A. § 512(4)); *also Shields v. Gerhart*, 155 Vt. 141, 145, 582 A.2d 153, 156 (1990); *Putter v. Montpelier Pub. Sch. Sys.*, 166 Vt. 463, 466, 697 A.2d 354, 356 (1997).

Although state law measures the *duration* of the limitations period, federal law determines when a cause of action *accrues*. *E.g., Miller,* 2021 U.S. Dist. LEXIS 27307, *8; *Shields*, 155 Vt. at 146, 582 A.2d at 156. The federal rule is that a § 1983 cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

The district court concluded that any injury to the Plaintiffs was caused by the Town's taking possession of the Properties on May 18, 2017 and that Plaintiffs knew or had reason to know of the injury on that date. Appendix at 20. There is no error in this decision. *See, e.g.*, *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 82 (2d Cir. 2019) (claim accrued on day plaintiff discovered his accounts had been frozen); *Mallard v. Potenza*, 376 Fed. Appx. 132, 133 (2d Cir. 2010) (claim accrued on day firearms and knives were seized).

11

The district court also rejected Plaintiffs' assertion of the continuing

violation doctrine. Appendix at 20-21. This conclusion was correct, based both on

the law cited in the court's decision and on caselaw from other jurisdictions. *See*

*id*. (discussing cases); *also MacNamara v. Hess*, 67 Fed. Appx. 139, 143-144 (3rd

Cir. 2003) ("[W]ithout exception courts that have faced the question have found

that the retention of the seized property is only a consequence of the original

alleged illegal seizure and does not affect the date on which the claim accrues.")

(citing *Johnson v. Cullen*, 925 F. Supp. 244, 249-50 (D. Del. 1996) (discussing

cases); *Roberson v. Earle*, 378 Fed. Appx. 396, 397 (5th Cir. 2010) (continuing tort

doctrine did not apply because "The seizure of [plaintiff's] property was a single

act and its continued retention was merely an 'ill effect' of the original act.").

On appeal, Plaintiffs argue that the district court erred because the court

> overlooked, misapplied or ignored the decision of the United States
> Supreme Court in [*Soldal v. Cook County*, 506 U.S. 56, 58, 113 S. Ct.
> 538, 541(1992)] which addresses a Plaintiff's situation concerning the
> same Constitutional issue of seizure of property by government
> officials as Plaintiffs are alleging herein.

Appellants' Brief at 7; *see also id*. at 7-9 (making argument). The gravamen of

Plaintiffs' *Soldal* argument appears to be that the Town's September 2019

interference with Plaintiffs' access to the Properties constitutes an illegal seizure

because those actions were undertaken "PRE any Court decision and were done

during the pendency of an action filed by Plaintiffs in March, 2018." Appellants'

Brief at 9. Using this reasoning, Plaintiffs hope to show that the Town "committed these violations of Plaintiffs' Constitutional rights in September, 2019 . . . well within the three year Statute of Limitations for 1983 claims." Appellants' Brief at 9.

Although this argument appears to challenge the district court's conclusion that the Plaintiffs' cause of action accrued in May 2017, Plaintiffs do not explain why the district court's determination was in error. Instead, they merely offer *Soldal* as an analog to their own case, arguing that

> while a quiet title action initiated by Plaintiffs' was pending, the Fair Haven Department of Public Works employees placed sheets of plywood over the entrances to Plaintiff's property *without an eviction order* and without Due Process.

Appellants' Brief at 8 (emphasis added). Plaintiffs' reliance on *Soldal* is misplaced.

### B. *Soldal is inapposite and does not demonstrate that the district court erred in finding that Plaintiffs' § 1983 claims accrued no later than May 18, 2017.*

In *Soldal*, deputy sheriffs actively facilitated a mobile home lot owner's forcible eviction of a tenant, which took the form of disconnecting the tenant's mobile home from the lot connections and causing the mobile home to be towed away. *See Soldal*, 506 U.S. at 58-59 (recounting facts). At the time the mobile home was removed, state law prohibited a tenant's dispossession "absent a judgment of eviction," *id*. at 58, and the deputy sheriffs who participated in the

removal knew the lot owner "did not have an eviction order and that its actions were unlawful," *id*. at 59.

The sole issue in *Soldal* was "whether the seizure and removal of the Soldals' trailer home implicated their Fourth Amendment rights." *Id*. at 60. The Seventh Circuit sitting *en banc* had ruled that the trailer removal did *not* implicate the Fourth Amendment "because it did not invade the Soldals' privacy." *Id.* at 59.

The U.S. Supreme Court reversed, concluding that Fourth Amendment protections are *not* limited solely to seizures that implicate privacy interests; rather, "the right against unreasonable seizures would be no less transgressed if the seizure of the house was undertaken to collect evidence, verify compliance with a housing regulation, effect an eviction by the police, or on a whim, for no reason at all." *Soldal v. Cook County*, 506 U.S. 56, 69, 113 S. Ct. 538, 548 (1992). The Court further concluded that allegations that the deputy sheriffs "dispossessed the Soldals of their trailer home by physically tearing it from its foundation and towing it to another lot . . . suffice to constitute a 'seizure' within the meaning of the Fourth Amendment." *Soldal v. Cook County*, 506 U.S. 56, 72, 113 S. Ct. 538, 549 (1992). The Court therefore "remanded for further proceedings consistent with this opinion." *Soldal v. Cook County*, 506 U.S. 56, 72, 113 S. Ct. 538, 549 (1992).

*Soldal* differs from the present case in almost all material respects and does not demonstrate any error in the district court's reasoning.

14

First, *Soldal* is *not* a statute of limitations case. *Soldal* therefore offers *no* guidance on when a claim accrues under federal law for purposes of measuring the three-year statute of limitations applicable to Plaintiffs' § 1983 claims and whether the continuing violation doctrine should apply. The case therefore casts no doubt on the district court's (correct) reasoning concerning claim accrual and the resulting limitations period.

Second, *Soldal* involved the actions of deputy sheriffs who knew full well that state law prohibited the conduct in which they were participating and that the eviction was unlawful. *Soldal v. Cook County*, 506 U.S. 56, 57, 113 S. Ct. 538, 541 (1992). Plaintiffs offer no such allegations here; instead, the facts here demonstrate a statutory basis for the Town's ownership and possession of the Properties.

In the present case, the Properties at issue were sold at tax sale on March 18, 2014, title was transferred to the Town on April 1, 2015, and the Town took full possession of the Properties as of May 18, 2017, excluding Plaintiffs from the Properties from that date forward. Contrary to the circumstances in *Soldal*, Vermont law does *not* prohibit a tax sale purchaser from taking possession of the purchased properties until after a judgment order issues. Rather, Vermont law states that, following a tax sale pursuant to 32 V.S.A. § 5251 *et seq.,* a tax collector's deed "shall convey to [the purchaser] a title against the person for whose tax it was sold and those claiming under him or her," 32 V.S.A. § 5261.

15

These facts differ starkly from *Soldal*'s, where the mobile home lot owner and the deputy sheriffs deliberately flouted state law and pursued a forcible eviction that was patently illegal. *Soldal* therefore has little application here, where Plaintiffs were dispossessed of the Properties by no later than May 2017 and a statutory basis for the Town's ownership and possession of the Properties exists.

Third, and finally, *Soldal* does not bear on the district court's analysis regarding the accrual date for Plaintiffs' § 1983 claims. Plaintiffs themselves allege that the Town took full possession of the Properties by no later than May 18, 2017 and physically excluded Plaintiffs from the Properties from that date forward. Based on these facts, the district court properly concluded that Plaintiffs' claims accrued no later than May 18, 2017—the date of the initial dispossession—and that the claims were therefore brought outside the three-year limitations period.[6]

Plaintiffs' *Soldal* argument therefore fails to demonstrate any error in the district court's accrual analysis. To the extent Plaintiffs hope to rely on *Andrade v. City of Hammond*, 9 F. 4th 947 (7th Cir. 2021) for that purpose, *see* Appellants Brief at 9, their reliance is misplaced. *Andrade* is a *Rooker-Feldman* case, not a statute of limitations case. *See Andrade*, 9 F. 4th at 948 (summarizing basis and holding for case). Because the district court dismissed Plaintiffs' claims on

---

[6] The present Complaint was filed on March 28, 2022, almost five years after May 18, 2017.

grounds of statute of limitations and claim preclusion, and not *Rooker-Feldman*,

*Andrade* is inapplicable and does not demonstrate any error on the district court's

part.

Because neither *Soldal* nor *Andrade* call into question the district court's

reasoning with respect to the accrual of Plaintiffs' claims, Plaintiffs have failed to

demonstrate any error in the district court's conclusion that Plaintiffs' claims are

barred by Vermont's three-year statute of limitations on § 1983 claims.

For these reasons, the Defendants respectfully request this Court affirm the

district court's dismissal of the Complaint on the ground that the claims asserted

therein are barred by the applicable statute of limitations.

**III.    Plaintiffs' claims are barred by the doctrine of claim preclusion.**

The district court conducted a lengthy analysis before concluding that

Vermont's claim preclusion doctrine bars Plaintiffs' claims. *See* Appendix at 21-28

(analyzing issue). The Defendants agree with the district court's analysis and adopt

the district court's reasoning and analysis here on appeal. However, the Defendants

wish to take this opportunity to offer additional argument further demonstrating the

correctness of the district court's decision.

Plaintiffs' claims are claim precluded because they arise from the same set

of operative facts as Billewicz I and Billewicz II—namely, the March 18, 2014 tax

sale, the April 1, 2015 conveyance of the Properties to the Town, and the Town's

possession of the Properties beginning no later than May 18, 2107. Vermont law

states:

> Under the doctrine of claim preclusion, a final judgment in previous
> litigation bars subsequent litigation if the parties, subject matter, and
> cause(s) of action in both matters are the same or substantially
> identical. *Pomfret Farms, Ltd. P'ship. v. Pomfret Assocs.*, 174 Vt. 280,
> 284, 811 A.2d 655, 659 (2002). The doctrine applies both to claims
> that were or should have been litigated in the prior proceeding. *In re
> CVPSC*, 172 Vt. at 20, 769 A.2d at 673.

*Faulkner v. Caledonia County Fair Ass'n*, 2004 VT 123, ¶8, 178 Vt. 51, 54, 869

A.2d 103, 107.

In determining whether the claims are the same or substantially identical,

Vermont uses a transactional test and asks whether the causes of action involve the

same set of facts and require the same evidence. *E.g., Faulkner v. Caledonia

County Fair Ass'n*, 2004 VT 123, ¶13 - ¶14, 178 Vt. 51, 56-57, 869 A.2d 103, 109;

*Demarest v. Town of Underhill*, 2021 VT 14, ¶13, 214 Vt . 250, 256, 256 A.3d

554, 559.

Here, Plaintiffs contend that they are the "lawful owners" of the River Street

and Union Street properties and that the Town violated their constitutional rights in

September 2019 by boarding up the entrances of the River Street property and by

threatening, through Chief Humphries, to arrest Plaintiffs if they entered onto the

Properties. Complaint at ¶ 15 and ¶ 24. Plaintiffs made the same or substantially

similar allegations in the Billewicz II Complaint.[7] Nonetheless, the Vermont

Supreme Court held Plaintiffs' Billewicz II claims to be claim precluded,

notwithstanding the fact the alleged conduct occurred during the pendency of

Billewicz I. *Billewicz v. Town of Fair Haven*, 2022 Vt. Unpub. LEXIS 15, *4-6,

2022 WL 424881 (Vt. Feb. 11, 2022).

Moreover, the Vermont Supreme Court specifically rejected the very

argument Plaintiffs make here—that by simply shifting the alleged actor or

renaming the claims, Plaintiffs can avoid claim preclusion:

> Plaintiffs' assertion of trespass claims based on new alleged incursions
> to their land and chattel does not prevent applying claim preclusion
> here because the same nucleus of facts is at issue. *See Faulkner v.
> Caledonia Cnty. Fair Ass'n*, 2004 VT 123, ¶ 14, 178 Vt. 51, 869 A.2d
> 103 (explaining that novel factual or legal theories do not preclude
> application of claim preclusion). To prove trespass, plaintiffs must
> establish that the Town intentionally entered land in plaintiffs'
> possession without privilege to do so. *See Jones v. Hart*, 2021 VT 61,
> ¶ 66, 261 A.3d 1126 (providing elements of civil trespass). Plaintiffs'
> trespass claims, whether for alleged incursions that occurred before or
> after 2018, are inextricably interwoven with their assertion that they
> are the rightful owners of the land parcels and not the Town because
> the Town failed to properly timely record the reports of the tax sale.
> Contrary to plaintiffs' assertion, there is no new legal theory here.

---

[7] *See* Doc. 9-6 at ¶ 41, ¶ 45, and ¶ 49 (alleging "Plaintiffs have been verbally
threatened with Felony Trespass arrest by Fair Haven Police Chief, William T.
Humphries" and alleging that the Towns "intentionally interfered with Plaintiffs'
lawful possession and use of personal property" by posting "No Trespassing" signs
during Spring 2020); *id*. at ¶ 42, ¶ 46, and ¶ 50 (alleging "Defendant has caused
physical interference with Plaintiffs' use of their chattel.").

19

> Plaintiffs' "new" trespass claims rest on the same allegations asserted
> in Billewicz I, and therefore claim preclusion bars their suit.

*Billewicz v. Town of Fair Haven*, 2022 Vt. Unpub. LEXIS 15, *5-6, 2022 WL

424881 (Vt. Feb. 11, 2022).

Plaintiffs' efforts to rely on the same allegations asserted in Billewicz I and

Billewicz II by renaming them as constitutional violations under § 1983 must fail.

No matter how they frame these claims, their resolution will always return to the

same set of basic facts: Plaintiffs used to own the Properties. They became

delinquent on their taxes. The Properties were sold at tax sale on March 18, 2014

to the Town. Now the Town holds title and possession of all the Properties by

virtue of the April 1, 2015 tax collector's deeds. Plaintiffs have not proffered any

facts that would alter this factual scenario, and all claims asserting Plaintiff's

ownership of the Properties must inevitably challenge the Town's title under the

tax collector's deeds. As a result, Plaintiffs' claims arise from the same set of

operative facts upon which Billewicz I was based in 2018 and upon which

Billewicz II was based in 2021. Moreover, because the root of Plaintiffs' § 1983

unlawful seizure claims *is* the Town's possession and retention of the Properties

beginning May 18, 2017, Plaintiffs could (and should) have brought these § 1983

claims in 2018 in Billewicz I. Vermont's claim preclusion doctrine therefore bars

these claims.

In opposition to the district court's careful claim preclusion analysis,

Plaintiffs offer only the following:

> The Vermont Supreme Court issued a Decision in 2021 reaffirming the Trial Court's decision that Plaintiffs were barred by the Statute of Limitations from challenging the acts of the Tax Collector. <u>Billewicz I</u>. The Vermont Supreme Court issued a Decision in 2022 reaffirming the Trial Court that Plaintiffs were claim precluded from bringing an action against the Town Clerk instead of the Tax Collector. <u>Billewicz II</u>. In the instant case, the Plaintiffs are bringing a case that is not challenging the acts of the Tax Collector nor Town Clerk, rather asserting a civil rights violation and an unlawful seizure without a warrant. As in *Andrade* [*v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021)], (supra), these acts stand alone and is a separate and independent claim which could stand without a Court judgment.

Appellants' Brief at 9-10. This argument does not explain why the district court's

reasoning is erroneous. It merely attempts to assert *Andrade* as an exception that

might lift the present case out of the district court's analysis.

However, as mentioned above, *Andrade* is a *Rooker-Feldman* case—not a

claim preclusion case. *Andrade v. City of Hammond*, 9 F.4th 947, 949 (7th Cir.

2021). *Andrade* is therefore irrelevant to whether the district court erred in its

claim preclusion analysis. Arguably, *Andrade* has no bearing on this appeal

whatsoever, given the district court did not reach the Defendants' *Rooker-Feldman*

argument and made no decision on that ground.

Plaintiffs have therefore failed to demonstrate, here on appeal, any error in

the district court's decision to dismiss their claims based on claim preclusion.

Accordingly, the defendants respectfully request this Court affirm the district

court's judgment on the ground that Plaintiffs' § 1983 claims are precluded by the doctrine of claim preclusion.

## IV. As a separate and independent ground for dismissal, Plaintiffs' claims must be dismissed because the Complaint fails to state a claim upon which relief may be granted.

Even if the Court finds the district court erred with respect to claim preclusion and the statute of limitations, this Court may affirm dismissal on other grounds. *E.g., Grundstein v. Vt. Bd. of Bar Examiners*, 748 Fed. Appx. 425, 426 (2d Cir. 2019); *Raus v. Town of Southampton*, 661 Fed. Appx. 81, 83 (2d Cir. 2016). As an alternate and independent ground for affirming dismissal, Plaintiffs' claims should be dismissed because they have failed to state a claim upon which relief may be granted.[8]

Plaintiffs allege in their Complaint that Chief Humphries and the Town unlawfully seized their property in two ways, firstly, by boarding up entrances at 16-18 River Street, Complaint at ¶ 14 - ¶ 22, and secondly, via Chief Humphries's alleged threat to arrest Johnathan Billewicz and Lillian Billewicz for trespassing if Mr. Billewicz or Ms. Billewicz entered onto any of the Properties, Complaint at ¶ 23 - ¶ 30.

---

[8] The Town made this argument in its Motion to Dismiss, but the district court did not reach it, choosing instead to dismiss the action on the grounds of claim preclusion and statute of limitations. Appendix at 18-19.

To successfully state a claim for unlawful seizure of property, a plaintiff must allege "some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S. Ct. 1652, 1656 (1984); *also Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177 (2d Cir. 2004). Moreover, the claimant must allege that they held that possessory interest in the property "*at the time* of [the] alleged trespass or physical invasion." *El-Nahal v. Yassky*, 835 F.3d 248, 257 (2d Cir. 2016) (emphasis added).

A claim that fails to allege or show a possessory interest in the subject property at the time of the alleged seizure must fail. *El-Nahal v. Yassky*, 835 F.3d 248, 257 (2d Cir. 2016); *Shaul v. Cherry Valley-Springfield Cent. Sch. Dist.*, 363 F.3d 177, 185 (2d Cir. 2004); *Mallard v. Potenza*, 376 Fed. Appx. 132, 134 (2d Cir. 2010) (a due process claim based on retained firearms could not survive because defendant "had no legitimate possessory interest in firearms for which he held no license"); *see also, in the suppression context, e.g.*, *United States v. Bennett*, 604 Fed. Appx. 11, 13 (2d Cir. 2015) ("Because Bennett professed no possessory interest in the firearm and no proprietary interest in the apartment, the seizure did not implicate his Fourth Amendment rights."); *United States v. Cowan*, 396 F.2d 83, 86-87 (2d Cir. 1968) (by leaving luggage in a hotel room and failing to pay his bill, the defendant "forfeited the right to occupy the room undisturbed

23

and, as to the luggage, the right to retain possession and any claim to privacy concerning it and its contents").

Here, the Complaint does not allege any *possessory* interest by the Plaintiffs in 16-18 River Street, 5 Union Street, or 7 Union Street, at any time, much less during September 2019, which is when the seizures are alleged to have occurred. The Complaint merely alleges that Johnathan J. Billewicz and Michael W. Billewicz "are" (present tense) the "lawful owners" of 16-18 River Street and that J and M Investment Trust "is" (present tense) the "lawful owner" of 5 Union Street and 7 Union.[9] The Complaint does *not* allege that these parties *were* the "lawful owners" or possessors of the property *during* September 2019, which is the critical date for purposes of stating an unlawful seizure claim based on the allegations in the Complaint.

Accordingly, the Complaint must be dismissed because the allegations in the Complaint do not state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads

---

[9] The Complaint does not allege any ownership or possessory interest in the Properties by Lillian Billewicz.

24

facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The allegations in the Complaint are—at best—merely consistent with the Defendants' liability. "Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007).

Furthermore, as Billewicz I and Billewicz II show, Plaintiffs *cannot* establish a possessory interest in the Properties as of September 2019 because the Properties were sold at tax sale on March 14, 2018 and were conveyed to the Town via tax collector's deeds on April 1, 2015. Moreover, the Town took full possession of the Properties by no later than May 18, 2017, and the Town retained possession of the Properties to the exclusion of the Plaintiffs thereafter. It is not merely the case that Plaintiffs *have not* properly alleged the essential element of possessory interest during September 2019—the prior litigation demonstrates that they *cannot* allege that interest.

Accordingly, the Defendants respectfully request this Court affirm the district court's dismissal on the alternate and independent ground that Plaintiffs have failed to state a claim upon which relief may be granted.

**V.  Because J and M Investment Trust has been terminated from this appeal, the judgment of the district court with respect to 5 Union Street and 7 Union Street is final.**

With respect to ownership of the Union Street properties, the Complaint alleges that J and M Investment Trust "is" the "lawful owner" of 5 Union Street and 7 Union Street. Complaint at ¶ 12 and ¶ 13. The Complaint does *not* allege that Johnathan Billewicz or Lillian Billewicz is an owner of these properties. *See* Complaint (not alleging ownership). Accordingly, with respect to 5 Union Street and 7 Union Street, J and M Investment Trust is the sole claimholder with respect to the allegations in the Complaint.

However, the Trust's appeal has been terminated and the Trust has not offered any brief or argument demonstrating that the district court erred with respect to the Trust's claims or its ability to demonstrate that it is the lawful owner of 5 Union Street or 7 Union Street. Accordingly, the Trust has waived or abandoned any arguments it might have held on appeal with respect to the district court's ruling. *E.g., Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."); *Losacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("[Plaintiff] did not raise this issue in his appellate brief. Consequently, he has abandoned it.").

26

Accordingly, the Defendants respectfully request this Court affirm the district court's judgment as to all claims involving the J and M Investment Trust and 5 Union Street and 7 Union Street on the ground that the Trust has not appealed the district court's judgment and has waived or abandoned any claims it may have held against the Defendants.

## VI.    Conclusion.

The district court properly dismissed the Complaint because claim preclusion and a statute of limitations bar the claims asserted in the Complaint. *Soldal* and *Andrade* are inapposite to the present appeal and would not have required the district court to reach any contrary conclusion. Moreover, the claims asserted in the Complaint also fail to state a claim upon which relief may be granted because the allegations in the Complaint do not allege any possessory interest on the part of any Plaintiff during September 2019. Accordingly, the Defendants respectfully request this Court affirm the district court's dismissal of the Complaint on all these grounds.

Respectfully submitted this 30th day of January, 2023.

CARROLL, BOE, PELL & KITE, P.C.

BY: /s/ Kevin L. Kite, Esq. _____
    Kevin L. Kite, Esquire
    64 Court St., Middlebury, VT  05753
    (802) 388-6711; kkite@64court.com
    *Attorneys for Appellees*

27

## CERTIFICATE OF COMPLIANCE

Counsel for Appellees hereby certifies that the foregoing brief complies with the type-volume set forth in Fed. R. App. P. 32(a)(7)(B) and Local Rule 32.1(a)(4). Based on the word count tool in Microsoft Word, the number of words in the foregoing brief, excluding the sections excludable under Fed. R. App. P. 32(f), is 6,747.

Respectfully submitted this 30th day of January, 2023.

CARROLL, BOE, PELL & KITE, P.C.

BY: /s/ Kevin L. Kite, Esq. _____
      Kevin L. Kite, Esquire
      64 Court St., Middlebury, VT  05753
      (802) 388-6711; kkite@64court.com
      *Attorneys for Appellees*